SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| Access Personnel Services, Inc. | ) | ASBCA No. 59900 |
| | ) | |
| Under Contract No. N00189-09-C-Z114 | ) | |

APPEARANCE FOR THE APPELLANT: Mr. Tyrone G. Miller
    CEO

APPEARANCES FOR THE GOVERNMENT: Ronald J. Borro, Esq.
    Navy Chief Trial Attorney
  Paul C. Scheck, Esq.
    Attorney Advisor
    NAVSUP Fleet Logistics Center Norfolk
    Philadelphia, PA

## OPINION BY ADMINISTRATIVE JUDGE DELMAN ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

The government has filed a motion to dismiss this appeal for lack of jurisdiction, on the ground that appellant did not timely file this appeal. Appellant opposes dismissal. For reasons stated below, we deny the government's motion to dismiss.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 29 September 2009, the Naval Supply Systems Command Fleet Logistics Center (government) awarded to Access Personnel Services, Inc. (APS or appellant) Contract No. N00189-09-C-Z114 for support services for the Naval Inventory Control Point (R4, tab 1). The contract was a time-and-materials type contract.

2. On 2 February 2011, the Defense Contract Audit Agency (DCAA) issued to APS a DCAA Form 1, Notice of Contract Costs Suspended and/or Disapproved, identifying six unrelated items of cost questioned by DCAA. Insofar as pertinent, DCAA disapproved costs under Item 1 in the amount of $22,236, as follows: "APS billed subcontract direct labor hours at prime contract direct labor rates. We calculated the differences between the prime contract direct labor rates and the subcontract direct labor rates and applied the claimed subcontract direct labor hours to the difference." (R4, tab 2)

3. By letter to the contracting officer (CO) dated 10 February 2011, APS replied to the DCAA Form 1. Appellant addressed each of the six items in turn, contending that only Items 4 and 5 were valid disallowed costs, and it requested approval of the balance. (R4, tab 3)

4. By letter to the CO dated 14 April 2011, appellant revised it position. In this letter, appellant advised of its "official acceptance of Items 2, 4, 5 and 6.... However I do contend that Items 1 and 3 represent legitimate charges that should not be Suspended or Disapproved." Appellant sought the CO's "time and consideration in resolving this matter." (R4, tab 4) This constituted a request for a CO's decision on its claim.

5. By letter from the CO to appellant dated 28 April 2011, the CO proposed a resolution for Item 3 not pertinent to this appeal. As for Item 1, the CO stated as follows:

> Item 1 is for $22,236.00 in costs that have been disallowed. You have incorrectly billed the government for services that were provided by Professional Services of America (PSA). The amount you billed exceeds the amount that you were billed by PSA for these services. I concur with DCAA findings that these costs are disapproved.
>
> This resolves all of the DCAA Form 1 issues.

(R4, tab 6) While this letter denied appellant's claim on Item 1, it was not identified as a CO's decision, nor did it provide a statement of APS' appeal rights.

6. By email dated 28 April 2011, APS disagreed with the CO's decision. It requested that the CO "take another look at this and approve my payment." (R4, tab 7)

7. By letter to APS dated 6 May 2011, the CO stated as follows:

> I have again reviewed your request for the payment of disallowed costs. You have billed the Government for subcontract direct labor hours at prime contract direct labor rates. You cannot bill the Government at a rate higher than the rate billed to you by your subcontractor. This is a Time and Material type contract and indirect costs, such as vacation or holiday pay should [have] been built into the

2

direct labor rate. Your request for approval of these
disallowed costs is denied.

(R4, tab 8) This letter also was not identified as a CO's decision, nor did it provide a
statement of APS' appeal rights.

8. On 20 March 2015, APS filed a notice of appeal with the ASBCA. Pleadings
were filed. The government's answer asserted that the Board lacked jurisdiction over the
appeal because APS failed to file its appeal within 90 days of receipt of the CO's
decision. This was followed by the subject motion to dismiss on 8 June 2015.

9. Within one hour of receipt of the government's motion, appellant replied to
the government by email, copy to the Board, asserting as follows:

> [O]ver the past 5 years I have followed the instructions of
> the Contracting Officer and DCAA representatives to
> pursue my right to collect the monies, which are obviously
> owed.
>
> As unfair as it was to originally deny payment it is even
> more unfair that I am now being penalized for following
> the guidance of Federal officials, that have had me
> repeatedly submitting the same information over and over
> again to numerous departments, but never informing that I
> should, could or need to file with ASBCA. I didn't even
> know ASBCA existed until, at my wits end, I stumbled
> upon your information as I searched the internet for help!

10. The record includes email communications between appellant and agency
employees over a number of years regarding appellant's claim. One such exchange
was between appellant and a Ms. Bell of the Small Business Administration (SBA) on
13 January 2012. Appellant attached, for her review, a lengthy chain of emails
between APS and various government personnel regarding the claim. Ms. Bell
acknowledged the email that day and stated: "Thanks, I will talk to the office on
Tuesday," but no subsequent communications between SBA and appellant are of
record. (*See* Bd. corr. ltr. dtd. 3 May 2016 with attachments) The government
contends that the SBA was providing assistance to APS on this dispute (surreply at
13), but the record does not support this contention.

11. Appellant also raised the issue of its claim in response to the government's
attempt to close-out the contract in 2014. On 19 March 2015, appellant contacted the

3

GAO Contract Appeals Board by email regarding the claim, stating in pertinent part as follows:

> I have been contacted recently about the close out of the
> subject line contract, for which I have been trying
> desperately to collect the collect [sic] the outstanding
> amount. It has been years and I have been shuffled around
> and endure the retirements of several POC's and no one
> seems interested in correcting this obvious wrong....
> Please take a look at what I have presented and let me
> know if you have any questions....

(*See* Bd. corr. ltr. dtd. 3 May 2016 with attachments) GAO's email response of that date suggested that appellant contact the ASBCA (*id.*). Appellant's appeal was filed here the next day, on 20 March 2015.

12. Attached to the notice of appeal was an email from CO Scott Rubin to appellant, dated 18 March 2015, stating as follows:

> The contract in question has been exhaustively reviewed
> by Contracting Officers that preceded me in this position.
> I have conducted my own cursory review of the file and I
> have found nothing that would provide me a basis to
> second-guess or overrule those prior determinations.

This email did not constitute a reconsideration of the CO's decision of 6 May 2011 denying appellant's claim.

## DECISION

Insofar as pertinent here, our jurisdiction under the Contract Disputes Act, 41 U.S.C. §§ 7101-7109 (CDA), is predicated upon: (1) the submission of a proper claim by a contractor to the CO for decision; (2) the issuance of an adverse written decision on the claim by the CO (or a deemed denial of said claim); and (3) a timely appeal to this Board within 90 days of receipt of the decision. In support of its motion to dismiss, the government asserts that APS submitted a claim to the CO, that the CO issued a decision denying the claim, but that APS failed to file a timely appeal with this Board.

We agree with the government that appellant submitted a claim to the CO on 14 April 2011, seeking payment from the government in the amount of $22,236, which

4

was the disputed amount under Item 1 (SOF ¶ 4). We also agree that the CO issued to appellant an adverse written decision, denying this claim on 28 April 2011 (SOF ¶ 5), and upon reconsideration, denying the claim again on 6 May 2011 (SOF ¶ 7). However neither decision advised APS of its rights of appeal.

The CDA, 41 U.S.C. § 7103(e), requires the CO's decision to inform the contractor of "its rights as provided in this chapter." FAR 33.211(a)(4)(v) implements this statutory language, requiring that the CO's decision contain substantially the following language:

> This is the final decision of the Contracting Officer. You may appeal this decision to the agency board of contract appeals. If you decide to appeal, you must, within 90 days from the date you receive this decision, mail or otherwise furnish written notice to the agency board of contract appeals and provide a copy to the Contracting Officer from whose decision this appeal is taken. The notice shall indicate that an appeal is intended, reference this decision, and identify the contract by number.
>
> ....
>
> Instead of appealing to the agency board of contract appeals, you may bring an action directly in the United States Court of Federal Claims...within 12 months of the date you receive this decision....

The CO's decision here failed to comply with the CDA and the regulations.

The law is well settled that proof of detrimental reliance on a defective CO's decision will toll the 90-day appeal period. *See Decker & Co. v. West,* 76 F.3d 1573 (Fed. Cir. 1996); *Mansoor International Development Services,* ASBCA No. 58423, 14-1 BCA ¶ 35,742. The record shows that APS was unfamiliar with the contract dispute process in general and the ASBCA in particular. Indeed, the record shows that at all times relevant, APS was unaware of the Board's existence.[1]

---

[1] As indicated above, appellant communicated this information to the government by email on 8 June 2015, with copy to the Board, immediately after receipt of the government's motion to dismiss. There has been no showing that this email was provided in variance with the parties' course of dealing, or otherwise failed to follow Board direction. Under these circumstances, we reject the

The government argues that after appellant's claim was denied by the CO in May 2011, it should have promptly searched the internet, hired counsel or taken other pro-active steps to determine its appeal rights, and having failed to do so, must be held responsible for this late appeal. We do not agree. We do not read *Decker* or the CDA to impose a "due diligence" requirement on unknowledgeable contractors.

The government further contends that the Disputes clause in the contract, FAR 52.233-1 (JUL 2002), advises appellant of its appeal rights. This is not entirely correct. While subsection (f) of the clause refers generally to an "appeal" under the Act, it does not state with whom that appeal had to be filed, and the date by which that appeal had to be filed. A contractor would need to ascertain this information in some other way. However, neither *Decker* nor the CDA imposes an affirmative obligation on a contractor to ascertain its appeal rights. The CDA places the obligation of notification squarely on the shoulders of the government. When the government fails to adequately provide this notice, the *Decker* test is one of detrimental reliance, i.e, whether the CO's decision, by words of commission or omission, actually misled the contractor to its prejudice regarding its appellate rights. *Mansoor*, 14-1 BCA ¶ 35,742 at 174,926-27.

Clearly, when appellant received the CO's decision denying this claim it was unaware of its right to appeal the CO's decision to an agency board of contract appeals within 90-days of its receipt of the decision. A proper notice from the CO would have provided this information. Appellant was misled and prejudiced by the CO's failure to provide this notice in the decision.

The government argues that to toll the appeal period would, in effect, provide for an indefinite appeal period. The short answer to this contention is that the government has the ability to obviate this concern by issuing CO decisions in accordance with law. *See Pathman Construction Co. v. United States*, 817 F.2d 1573, 1579 (Fed. Cir. 1987).

We have reviewed all the government's other contentions, but they are not persuasive. We conclude that appellant has shown detrimental reliance upon the omission of its appeal rights in the CO's decision denying its claim. Accordingly, this appeal is timely.

---

government's request that we disregard appellant's email because it was "unsigned" and/or because it was not in affidavit form. We exercise our discretion to accept appellant's email into the evidentiary record.

## CONCLUSION

Under the circumstances presented, we conclude that the 90-day appeal period to this Board from the CO decision was tolled. We have jurisdiction over appellant's appeal, ASBCA No. 59900. The government's motion to dismiss for the lack of jurisdiction is denied.[2]

Dated: 15 June 2016

JACK DELMAN
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

---

[2] The government's reply brief dated 9 December 2015 requests a Board order to show cause why this appeal should not be dismissed for failure to prosecute. While the record does show that appellant failed to promptly reply to several Board orders, we believe that the record, overall, shows that appellant has manifested an active interest in its appeal and remains actively engaged in its pursuit. The government's request for an order to show cause is denied.

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59900, Appeal of Access Personnel Services, Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
